IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DAVID J. SMILEY-BEY, #242749,   )
a.k.a., David Smiley,   )
   )
     Plaintiff,   )
   )
   v.   )   CASE NO. 2:14-CV-1083-MHT
   )   (WO)
STEVEN SMITH   )
   )
     Defendant.   )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**[1]

In this 42 U.S.C. § 1983 action, David J. Smiley-Bey, a state inmate and member of the Moorish Science Temple of America, claims violations of the First Amendment and Equal Protection Clause stemming from alleged adverse actions undertaken by Chaplain Steven Smith, actions the plaintiff believes hindered his ability to practice and facilitate the growth of his religion during his confinement at the Staton Correctional Facility.  Smiley-Bey seeks declaratory and injunctive relief for the alleged violations of his constitutional rights.

The defendant filed a special report and supporting evidentiary materials addressing Smiley-Bey's claims for relief.  In these documents, Chaplain Smith denies acting in violation of Smiley-Bey's constitutional rights.  In addition, Smith asserts that the complaint is due to be dismissed because prior to filing this case Smiley-Bey failed to

---

[1]All documents and attendant page numbers cited herein are those assigned by the Clerk of this court in the docketing process.

properly exhaust an administrative remedy available to him with respect to the claims presented in the complaint. *Doc. No. 13* at 16-17. The defendant bases his exhaustion defense on Smiley-Bey's failure to file a request for religious assistance with the Religious Activities Review Committee as permitted by Administrative Regulation No. 313 prior to filing the instant cause of action. *Id*. at 16.

On January 12, 2015, the court provided Smiley-Bey an opportunity to file a response to the defendant's report in which he was advised to "specifically address the defendant's assertion[] that ... [h]is claims are due to be dismissed because he failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act" prior to filing this federal civil action. *Doc. No. 15* at 1 (footnote omitted). In response to this order, Smiley-Bey does not dispute his failure to seek relief from the Religious Activities Review Committee. Instead, Smiley-Bey devotes the vast majority of his response and supporting affidavit to explaining his proclamation of a legal name change from David J. Smiley to David J. Smiley-Bey. He also presents arguments challenging the limited amount of time allowed in the chapel for meditation and the time permitted "to commune with others" absent distractions. *Doc. No. 18* at 4-5. Thus, it is undisputed that Smiley-Bey did not exhaust the administrative remedy provided to him by the Alabama Department of Corrections prior to initiating this case.

"[A]n exhaustion defense ... is not ordinarily the proper subject for a summary judgment [motion]; instead, it should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment." *Bryant v. Rich*, 530 F.3d 1368, 1374-

1375 (11th Cir. 2008) (internal quotations omitted); *Trias v. Florida Dept. of Corrections*, 587 F. App'x 531, 534 (11th Cir. 2014) (holding that the district court properly construed defendant's "motion for summary judgment as a motion to dismiss for failure to exhaust administrative remedies[.]").   In light of the foregoing and in accordance with the directives of the order entered on January 12, 2015 (Doc. No. 15), the court will treat the defendant's report as a motion to dismiss.

## II.  DISCUSSION - LACK OF EXHAUSTION

In addressing the requirements of 42 U.S.C. § 1997e with respect to exhaustion, the Eleventh Circuit has

> recognized that "[t]he plain language of th[is] statute makes exhaustion a precondition to filing an action in federal court." *Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000) (per curiam) (quoting *Freeman v. Francis*, 196 F.3d 641, 643-44 (6th Cir. 1999)). This means that "until such administrative remedies as are available are exhausted," a prisoner is precluded from filing suit in federal court. *See id*. (affirming dismissal of prisoner's civil rights suit for failure to satisfy the mandatory exhaustion requirements of the PLRA); *Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir. 1999) ("reaffirm[ing] that section 1997e(a) imposes a mandatory requirement on prisoners seeking judicial relief to exhaust their administrative remedies" before ***filing*** suit in federal court), *modified on other grounds*, 216 F.3d 970 (11th Cir. 2000) (en banc); *Miller v. Tanner*, 196 F.3d 1190, 1193 (11th Cir. 1999) (holding that under the PLRA's amendments to § 1997e(a), "[a]n inmate incarcerated in a state prison . . . must first comply with the grievance procedures established by the state department of corrections before filing a federal lawsuit under section 1983."); *Harper v. Jenkin*, 179 F.3d 1311, 1312 (11th Cir. 1999) (per curiam) (affirming dismissal of prisoner's civil suit for failure to satisfy the mandatory exhaustion requirements of § 1997e(a)); *Alexander v. Hawk*, 159 F.3d 1321, 1328 (11th Cir. 1998) (affirming dismissal of prisoner's *Bivens* action under § 1997e(a) for failure to exhaust administrative remedies prior to filing suit in federal court).

*Leal v. Georgia Dept. of Corrections*, 254 F.3d 1276, 1279 (11th Cir. 2001) (emphasis in

original).  The Eleventh Circuit further determined that "the question of exhaustion under

the PLRA [is] a 'threshold matter' that [federal courts must] address before considering

the merits of the case.  *Chandler v. Crosby*, 379 F.3d 1278, 1286 (11th Cir. 2004).

Because exhaustion is mandated by the statute, [this court has] no discretion to waive this

requirement.  *Alexander v. Hawk*, 159 F.3d 1321, 1325-26 (11th Cir. 1998)."  *Myles v.

Miami-Dade County Correctional and Rehabilitation Dept.*, 476 F. App'x 364, 366 (11th

Cir. 2012).  Based on the foregoing, the court will "resolve this issue first."  *Id.*

"When deciding whether a prisoner has exhausted his remedies, the court should

first consider the plaintiff's and the defendants' versions of the facts, and if they conflict,

take the plaintiff's version of the facts as true.  'If in that light, the defendant is entitled to

have the complaint dismissed for failure to exhaust administrative remedies, it must be

dismissed.'  *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir.2008) (citing *Bryant*, 530

F.3d at 1373-74).  If the complaint is not subject to dismissal at this step, then the court

should make 'specific findings in order to resolve the disputed factual issues related to

exhaustion.'  *Id.* (citing *Bryant*, 530 F.3d at 1373-74, 1376)."  *Myles*, 476 F. App'x at

366.  Consequently, a district court "may resolve disputed factual issues where necessary

to the disposition of a motion to dismiss for failure to exhaust [without a hearing].  *See*

[*Turne*r, 541 F.3d at 1082].  The judge properly may consider facts outside of the

pleadings to resolve a factual dispute as to exhaustion where doing so does not decide the

merits, and the parties have a sufficient opportunity to develop the record.  *Bryant*, 530

F.3d at 1376."  *Trias*, 587 F. App'x at 535.  Based on the foregoing, the Eleventh Circuit

specifically rejected the argument that "disputed facts as to exhaustion should be decided by a jury" or other trier of fact after a hearing. *Id*.

Smiley-Bey complains Chaplain Smith hindered his right to practice/spread his religion and contends was retaliation in violation of his First Amendment rights.  Smiley-Bey also alleges Chaplain Smith deprived him of equal protection.  Chaplain Smith denies Smiley-Bey's allegations and contends that the claims are subject to dismissal because Smiley-Bey failed to exhaust the administrative remedy provided by the ADOC through its Religious Activities Review Committee prior to filing this complaint as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).

The PLRA compels proper exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint.  Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001).  "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement.  *Booth*, 532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321,

1325 (11th Cir. 1998); *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378 (2006). Moreover, "the PLRA exhaustion requirement requires proper exhaustion." *Woodford*, 548 U.S. at 93, 126 S.Ct. at 2387. "Proper exhaustion demands compliance with an Agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings.... Construing § 1997e(a) to require proper exhaustion ... fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage." 548 U.S. at 90-91. The Supreme Court reasoned that because proper exhaustion of administrative remedies is necessary an inmate cannot "satisfy the Prison Litigation Reform Act's exhaustion requirement ... by filing an untimely or otherwise procedurally defective administrative grievance or appeal[,]" or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to him. 548 U.S. at 83-84, 126 S.Ct. at 2382; *Bryant*, 530 F3d at 1378 (citation omitted) ("To exhaust administrative remedies in accordance with the PLRA, prisoners must 'properly take each step within the administrative process.'"); *Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005) (inmate who files an untimely grievance or simply spurns the administrative process until it is no longer available fails to satisfy the exhaustion requirement of the PLRA); *Higginbottom*, 223 F.3d at 1261 (inmate's belief that administrative procedures are futile or needless does not excuse the exhaustion requirement). "The only facts pertinent to determining whether a prisoner has satisfied

the PLRA's exhaustion requirement are those that existed when he filed his original complaint." *Smith v. Terry*, 491 F. App'x 81, 83 (11th Cir. 2012) (per curiam).

The Alabama Department of Corrections provides an administrative remedy for inmate complaints regarding religious matters.  The administrative remedy available to Smiley-Bey at the time he filed this case was set forth in Administrative Regulation No. 313.[2]  *See Doc. No. 13-4* at 2-11.  Initially, Administrative Regulation No. 313 provided inmates the opportunity to submit a grievance regarding any "matters of a religious nature" to the Chaplain for resolution.  *Doc. No. 13-4* at 7-8 Sec. III ¶L (Religious Dispute Resolution).  "When the Chaplain is unable to resolve a religious dispute, inmates shall use the inmate grievance procedure [allowed by this regulation and file a request for review by the Religious Activities Review Committee] for resolution of disputes regarding approval or restriction on religious practices or articles." *Id.* at 7.  The regulation further advises that an "inmate grievance procedure is the complete and exclusive right created or intended to be created by this administrative regulation[.]" *Id.* Although "review of a ... religious activity may <u>originate</u> at any level …[,] approval/disapproval authority is the responsibility of the Religious Activities Review Committee." *Id.* at 4, Sec. III ¶B End Note (emphasis in original).

The evidentiary materials filed by the defendant demonstrate that prior to filing this case Smiley-Bey did not properly exhaust the administrative grievance procedure available to him with respect to the challenged limitations placed on his ability to practice/spread his religion.  In his response to the defendant's special report, Smiley-Bey

---

[2]Administrative Regulation No. 461 superseded Administrative Regulation No. 313 effective December 7, 2015.

does not dispute his failure to exhaust the remedy available to him under Administrative Regulation No. 313, i.e., filing a request for assistance with the Religious Activities Review Committee addressing the claims made the basis of the instant complaint. Although Smiley-Bey alleges that other members of MSTA spoke with Chaplain Smith about some of the issues outlined in the complaint and sent a letter to the Legal Division of the ADOC concerning Chaplain Smith's actions, it is undisputed Smiley-Bey did not file a grievance with the Religious Activities Review Committee requesting review of the matters at issue.

Based on the evidence contained in the record, it is clear that Smiley-Bey failed to properly exhaust the ADOC's grievance procedure provided for issues of a religious nature prior to filing this case. An administrative remedy remains available to Smiley-Bey via Administrative Regulation No. 461 with respect to addressing any claims relevant to his religious activities. Under these circumstances, the court discerns that dismissal of this case should be without prejudice.

## III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The defendant's motion to dismiss be GRANTED to the extent the defendant seeks dismissal of this case due to the plaintiff's failure to properly exhaust an administrative remedy prior to initiating this cause of action.

2. This case be dismissed without prejudice in accordance with the provisions of 42 U.S.C. § 1997e(a) for the plaintiff's failure to properly exhaust an administrative remedy before seeking relief from this court.

3.  No costs be taxed herein.

It is further

ORDERED that on or before July 19, 2017 the parties may file objections to this Recommendation.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made; frivolous, conclusive, or general objections will not be considered.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a de novo determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc*., 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done this 5th day of July, 2017.

       /s/Charles S. Coody
       —————————————————————
       CHARLES S. COODY
       UNITED STATES MAGISTRATE JUDGE